**Matthew T. Sheffield, Esq.**
**Law Offices of Michael Lupolover, P.C.**
**120 Sylvan Ave., Suite 303**
**Englewood Cliffs, NJ 07632**
**Telephone: 201-461-0059**
**Facsimile: 201-608-7116**
**Email: ms@lupoloverlaw.com**

*Attorney for Plaintiff Nancy Tester*

### UNITED STATES DISTRICT COURT
### FOR THE
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NANCY TESTER, on behalf of herself and all others similarly situated** | **Case No.:** |
| **Plaintiff,** | **CLASS ACTION COMPLAINT** |
| **vs.** | **AND** |
| **ABILITY RECOVERY SERVICES, LLC,** | **JURY TRIAL DEMAND** |
| **Defendant.** | |

### CIVIL COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, Nancy Tester, on behalf of herself (hereinafter "Plaintiff"), and all others similarly situated, by and through her undersigned attorney, alleges against the Ability Recovery Services, LLC (hereinafter "Defendant") as follows:

### PRELIMINARY STATEMENT

1.      This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692, *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, brought by Nancy Tester, in her own individual capacity, and on behalf of a class of other, as of yet unidentified, similarly situated individuals.

## JURSIDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d).

3.    Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4.    Plaintiff, Nancy Tester, is a natural person, who at all relevant times has resided in the city of Brooklyn, Kings County, State of New York, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.    Defendant is a incorporated and does business in the State of New York, with its corporate mailing address as 1 Montage Mountain Road, Moosic, PA 18507, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## CLASS ACTION ALLEGATIONS

6.    Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of herself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices/letters/communications from Defendant and allegedly owe debts where the (7) year period in which to report on the consumer's credit has passed and which, as alleged herein, is in violation of the FDCPA, and who reside in the State of New York as of one year from the date of Plaintiff's Complaint (the "Class").  Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant as impracticable. On information and belief, tens of thousands, of persons have received debt collection

notices/letters/communications from Defendants, which violate various provisions of the FDCPA.

7.    This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

8.    The Class is so numerous that joinder of all members is impracticable.  On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant which violate various provisions of the FDCPA.

9.    The debt collection notices/letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

10.    There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

11.    Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

12.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

13.     The members of the class have claims which are unlikely to be vindicated in the absence of a class action.

14.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

15.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

16.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

17.     Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

18.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **FACTUAL STATEMENT**

19.     Upon information and belief, and at all times relevant to this litigation, Defendant Ability has engaged in a course of collection attempts on a consumer debt allegedly owed by Plaintiff,

which originated and remains due and owing with Walden University.   Debt derived from

tuition has long been recognized by the Federal Trade Commission to be "consumer debt," as

that term is defined by the FDCPA.

20.    Upon information and belief, Defendant's first collection attempt was by way of letter

dated January 25, 2017 (hereinafter the "Collection Letter").

21.    The Collection Letter advised Plaintiff, *inter alia*, of the amount allegedly due and owing,

the original creditor, as well as various federally mandated rights to which she was entitled.

22.    The Collection Letter further read, in pertinent part:

> **"Be further advised that our client has instructed this office to
> make a direct report to a credit reporting agency should this
> debt go unresolved."**

23.    The collection letter was received by Tester on or about January 30, 2017.

24.    Plaintiff was immediately troubled, and felt an instant fear with the possibility of this

bogus debt appearing on her credit report.

25.    The debt upon which Ability alleges is due and owing by Plaintiff, to Walden University,

accrued in the fall of 2008, if ever.

26.    Plaintiff contests that any amount is due and owing from her matriculation at Walden

University.

<u>**COUNT I**</u>
<u>**VIOLATIONS OF THE FAIR DEBT COLECTIONS PRACTICES ACT**</u>
<u>**15 U.S.C. §1692(e) Preface, 15 U.S.C. §1692(e)(5) & 15 U.S.C. §1692(e)(10)**</u>

27.    Plaintiff repeats and realleges the allegation contained in paragraphs 1 through 26 above

and incorporates them with the same force and effect as if set forth specifically herein.

28.    Defendant Ability caused a collection letter dated January 27, 2017 to be sent to Plaintiff.

29.    The Collection Letter further read, in pertinent part:

> **"Be further advised that our client has instructed this office to make a direct report to a credit reporting agency should this debt go unresolved."**

30.     The collection letter was received by Tester on or about January 30, 2017.

31.     The debt upon which Ability alleges is due and owing by Plaintiff, to Walden University, accrued in the fall of 2008, if ever.

32.     The time period in which this alleged debt could have been placed on Tester's credit report(s) ended in or around late 2015 or early 2016.

33.     The Fair Credit Reporting Act provides that the time period upon which certain debts, to which the Walden University debt applies, can be furnished on a consumer's credit report shall run for a period of no more than seven (7) years from 180 days post charge off.  *See 15 U.S.C. §1681c(c)1.*

34.     Defendant's utilized the threat of credit reporting, something they were not legally able to effectuate, to pressure Tester into paying off the Walden University debt.  It was a false representation upon which they expected could leverage payment from Tester.

35.     The Congressional findings and declaration of purposes section of the FDCPA, 15 U.S.C. 1692, *et seq.*, reads as follows:

> **(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.**
>
> **(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.**
>
> **(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.**

**(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.**

**(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.**

36.    It was precisely this type of behavior that the FDCPA was enacted to prevent. Defendant's letter falsely represents actions they are barred from taking, with the intent of strong arming Plaintiff into making payments.

37.    Plaintiff has been damaged and is entitled to relief.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triabal.

## RELIEF

WHEREFORE, Plaintiff, Nancy Tester, requests that this Court enter judgment against the Defendant, and on behalf of Plaintiff for the following:

A.    That an order be entered certifying the class as described above, pursuant to Fed. R. Civ. Pro. 23(b)(3).

B.    That an order be entered declaring the Defendant actions, as described above, in violation of the FDCPA;

C.    That judgment be entered against the Defendant, and for all class members, for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

D.    That judgment be entered against the Defendant and for all class members, for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

E. That Defendant be enjoined from including the credit reporting language in all future debt collection letters wherein the underlying debt is past the applicable reporting period.

F. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

G. That the Court grant such other and further relief as may be just and proper.

Dated: April 24, 2017

Respectfully Submitted,

s/   Matthew T. Sheffield
Matthew T. Sheffield, Esq.
Law Offices of Michael Lupolover, P.C.
120 Sylvan Ave., Suite 303
Englewood Cliffs, NJ 07632
Telephone: 201-461-0059
Facsimile: 201-608-7116
Email: ms@lupoloverlaw.com

*Attorney for Plaintiff Nancy Tester*